# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 16, 2017

Mr. Joshua Andrew Kurtzman
Riley, Safer, Holmes & Cancila
70 W. Madison Street
Suite 2900
Chicago, IL 60602

Mr. David Michael Shapiro
MacArthur Justice Center
375 E. Chicago Avenue
Chicago, IL 60611

Mr. James Irvin Pentecost
Pentecost, Glenn, Mauldin & York
106 Stonebridge Boulevard
Jackson, TN 38305

        Re: Case No. 16-6311, *Jeffery Walton v. Yolanda Gray, et al*
           Originating Case No. : 1:14-cv-01299

Dear Counsel:

 The Court issued the enclosed Opinion today in this case.

                Sincerely yours,

                s/Renee M. Jefferies
                Case Manager
                Direct Dial No. 513-564-7021

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0475n.06

No. 16-6311

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

> FILED
> Aug 16, 2017
> DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JEFFERY WALTON, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| YOLANDA GRAY, WCF Librarian; DANA | ) TENNESSEE |
| BELL, WCF Education Principal, in their | ) |
| individual and official capacities, | ) |
| | ) |
| Defendants-Appellees. | ) |

BEFORE: GUY, SILER, and DONALD, Circuit Judges.

PER CURIAM. Jeffery Walton, a Tennessee prisoner proceeding through counsel, appeals the district court's dismissal of his First Amendment retaliation claim.

Walton filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against several employees of the Whiteville Correctional Facility (WCF). Upon initial screening, the district court dismissed Walton's complaint for failure to state a claim on which relief may be granted but granted him leave to amend his complaint.

Walton then filed an amended complaint against Yolanda Gray, WCF's librarian, and Dana Bell, WCF's education principal, asserting claims under the First Amendment for denial of access to the courts and retaliation. Walton made the following allegations in his amended complaint: On February 4, 2014, Walton informed Gray that he had a 60-day deadline to file an appeal to the Tennessee Supreme Court. From February 6 to February 10, 2014, Walton did not receive any passes to go to the library and had no access to the law library or to a legal aide to

Case 1:14-cv-01299-STA-egb   Document 20   Filed 08/16/17   Page 3 of 5    PageID 177   (3 of 5)
Case: 16-6311   Document: 29-2   Filed: 08/16/2017   Page: 2

No. 16-6311
*Walton v. Gray, et al.*

assist him with his appeal. On February 11, 2014, Walton informed Gray that he needed additional library time due to his appeal deadline and filed a grievance against her for denying him access to the law library and to the legal aides. After Walton filed this grievance, Gray's efforts to deny his access to legal resources "increased substantially." Because Gray denied him access to legal resources, Walton missed his appeal deadline. On March 20, 2014, Bell, Gray's supervisor and friend, requested that Walton be dismissed from his skilled job because he had filed grievances against Gray. After Walton's dismissal, no skilled-position supervisor would hire him. Walton was eventually placed in an unskilled job, which cut his pay in half.

Again upon initial screening, the district court dismissed Walton's amended complaint for failure to state a claim on which relief may be granted and denied him leave to amend on the basis that the amended complaint's deficiencies could not be cured. This timely appeal followed.

We review de novo the district court's decision to dismiss Walton's amended complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To survive scrutiny under those statutes, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Walton challenges the dismissal of his First Amendment retaliation claim. To state a retaliation claim, a plaintiff must allege three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Walton sufficiently stated a retaliation claim in his amended complaint.

No. 16-6311
*Walton v. Gray, et al.*

First, "protected conduct includes a prisoner's 'undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Hill*, 630 F.3d at 472 (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). "This right is protected, however, only if the grievances are not frivolous." *Herron*, 203 F.3d at 415. Walton filed a grievance against Gray for denying him access to the law library and to legal aides. The district court concluded that, because Walton failed to state a claim for denial of access to the courts, the claim underlying his grievance was not "legally actionable." Walton's failure to allege a constitutional violation does not mean that his grievance was frivolous. The Tennessee Department of Correction did not view Walton's grievance as frivolous: In response to Walton's grievance against Gray, the deputy commissioner stated that "necessary actions have been initiated at the Institutional Level to resolve your complaint."

As for the second element, "[a]n adverse action is one that is '*capable* of deterring a person of ordinary firmness' from exercising the constitutional right in question." *Hill*, 630 F.3d at 472 (quoting *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002)). In rejecting Walton's retaliation claim based on the dismissal from his skilled position, the district court stated that there is no constitutionally protected property right in prison employment. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). "Where the district court's analysis went astray . . . was in focusing on the wrong constitutional right; i.e., the nonexistent right to [prison employment] versus the existing right to avoid retaliation for exercising the First Amendment right to file grievances against prison officials." *Hill*, 630 F.3d at 473. This court has indicated that loss of a prison job can constitute an adverse action for retaliation purposes. *See Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999); *Newsom*, 888 F.2d at 375-77.

No. 16-6311
*Walton v. Gray, et al.*

The third "element addresses whether the defendants' subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct." *Hill*, 630 F.3d at 475. Bell requested Walton's dismissal on the same day that the deputy commissioner issued a response to Walton's grievance against Gray. Temporal proximity can provide circumstantial evidence of retaliatory motive. *Id*. at 475-76. In the request for dismissal, Bell wrote that "Walton consistently grieves Librarian Gray," providing direct evidence of retaliatory motive.

Walton does not challenge the dismissal of his other claims. Those claims are therefore abandoned. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012).

For these reasons, we **AFFIRM** in part and **VACATE** in part the district court's judgment and **REMAND** for further proceedings consistent with this opinion.